UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SEWELL, | No. 2:18-cv-02988-JAM-DB P |
| Plaintiff, | |
| v. | ORDER |
| A. CORNWELL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner who was proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983.

On June 23, 2020, this case was closed and judgment was entered in favor of defendants. (ECF Nos. 44, 45.) Thereafter, defendants filed a Bill of Costs seeking to recover $665.75, the cost of plaintiff's deposition transcript. (ECF No. 46.) Plaintiff filed no response.

**LEGAL STANDARDS**

Rule 54(d) of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There is a presumption in favor of awarding costs to the prevailing party, and a district court following the presumption need not specify its reasons for doing so. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). However, the court may elect not to award costs where the party is indigent or where other compelling circumstances exist. Escriba

1  v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014).  The losing party must

2  demonstrate why costs should not be awarded.  Nat'l Info. Servs., Inc. v. TRW, Inc., 51 F.3d

3  1470, 1471-72 (9th Cir. 1995), overruled on other grounds, Ass'n of Mexican-Am. Educators v.

4  State of California, 231 F.3d 572, 592-3 (9th Cir. 2000).  "Appropriate reasons for denying costs

5  include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the

6  issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited

7  financial resources, and (5) the economic disparity between the parties."  Id.  This list is not

8  exhaustive, but rather a starting point for analysis.  Escriba, 743 F.3d at 1248.

9  The costs that may be taxed are those enumerated in 28 U.S.C. § 1920.  See Alflex Corp.

10 v. Underwriters Lab., Inc., 914 F.2d 175 (9th Cir. 1990) (per curiam) (citing Crawford Fitting Co.

11 v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)).  Section 1920(2) lists "[f]ees for printed or

12 electronically recorded transcripts necessarily obtained for use in the case" as a taxable cost.

**ANALYSIS**

14 This case involved plaintiff's claims that defendants violated his Eighth Amendment

15 rights by failing to provide him timely medical care.  The court found plaintiff failed to provide

16 facts to support necessary elements of his claims and granted defendants' motion for summary

17 judgment.  (ECF Nos. 42, 44.)  Defendants were thus the prevailing parties, and the prevailing

18 parties generally are allowed to recover reasonable costs.

19 The court must balance the fact that plaintiff proceeded in this case as an indigent against

20 granting what is regularly awarded the prevailing party.  It should be noted that defendants are not

21 seeking to recover excessive, questionable, or marginal costs.  They seek nothing more than to be

22 repaid the amount actually paid to a third party for something almost always essential to defense

23 of a case - a transcript of plaintiff's deposition testimony.

24 The court will consider specifically the factors identified in the above-cited cases.  First,

25 this case is not one of public import; nor did it present close and difficult issues.  Second, taxing

26 costs against plaintiff would no more chill his access to the courts than any other plaintiff.  All

27 litigants must weigh the relative risks of filing a civil suit (including the financial risks) against

28 the potential benefits.  See, e.g., Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999)

1  ("[r]equiring prisoners to pay filing fees for suits will force them to go through the same thought
2  process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?")
3  Third, the fact that plaintiff is an indigent inmate does not, alone, warrant special treatment. To
4  deny defendants costs solely on these grounds might well give plaintiff and others incentive to
5  file, risk free, multiple meritless lawsuits. Padula v. Morris, No. 2:05-CV-00411-MCE, 2014 WL
6  280971, at *2 (E.D. Cal. Jan. 24, 2014). Finally, the economic disparity between the parties - a
7  prisoner and a state entity - is about as great as one might envision. The state would hardly notice
8  a $665.75 expenditure. Plaintiff, on the other hand, might never have the opportunity to get out
9  from under a debt of that magnitude.

10      Considering all of the foregoing, the court finds the interests of justice would not be
11  served by taxing the full amount of the costs against plaintiff. Still, defendant, as the prevailing
12  party, is entitled to some amount of reimbursement, and there is value and principle in holding
13  unsuccessful inmate litigants at least partially accountable for the costs of their suits. "The
14  district court may apportion costs between the winning and losing parties." Oyarzo v. Tuolumne
15  Fire Dist., No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *2 (E.D. Cal. Apr. 30, 2014) (citing
16  In re Paoli R.R. Yard PCB Lit., 221 F.3d 449, 469 (3rd Cir. 2000)). Therefore, defendant's
17  request for costs should be granted in part. Half of the cost of the deposition, or $332.87, should
18  be taxed against plaintiff.

19      For the foregoing reasons, IT IS HEREBY ORDERED that:
20      1. Defendants' request for costs (ECF No. 46) is GRANTED IN PART; and
21      2. Costs are taxed against plaintiff in the amount of $332.87.

23  DATED: February 18, 2021            /s/ John A. Mendez
24                                      THE HONORABLE JOHN A. MENDEZ
                                        UNITED STATES DISTRICT COURT JUDGE